| | |
|---|---|
| 1 | WRIGHT, FINLAY & ZAK, LLP |
| 2 | T. Robert Finlay, Esq., SBN 167280 |
|   | rfinlay@wrightlegal.net |
| 3 | Todd E. Chvat, Esq., SBN 238282 |
| 4 | tchvat@wrightlegal.net |
|   | 4665 MacArthur Court, Suite 280 |
| 5 | Newport Beach, CA 92660 |
| 6 | Tel: (949) 477-5050; Fax: (949) 477-9200 |

JS-6

Attorneys for Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANOOCHER BABAAHMADI, an individual; | Case No.: 11-CV-02029 ABC (JEM) |
| Plaintiff, | [~~PROPOSED~~] JUDGMENT OF DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE UPON DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| RESIDENTIAL CREDIT SOLUTION, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., as Nominee for Metrocities Mortgage, DBA No Red Tape Mortgage; INTEGRATED LENDER SERVICES, a Corporation; and DOES 1 through 1000, Inclusive, | Hearing Date: June 6, 2011 Time: 10:00 a.m. Dept.: 680 |
| | Complaint Filed: December 14, 2010 |
| Defendants. | |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD, IF ANY:**

Upon consideration of the pleadings and the Court's file, and for good cause appearing:

**IT IS HEREBY ORDERED** as follows:

-1-
[PROPOSED] JUDGMENT OF DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

The failure to file a timely opposition is deemed consent to the granting of the motion. Local Rule 7-12. The Court has also reviewed Defendants' motion and finds it to have a sound basis. For example, most of Plaintiff's claims fail because Plaintiff has not alleged he could tender payment of the delinquent loan if the foreclosure sale were set aside. See, e.g., FPCI RE-HAB 01 v. E & G Invs., Ltd., 207 Cal. App. 3d 1018, 1021 (1989). Plaintiff's claims also fail on the merits for myriad reasons:

(1) Integrated Lender Services was authorized to file the Notice of Default as an agent for the Trustee, consistent with California Civil Code section 2924(a)(1);

(2) Any claim pursuant to section 2923.5 is moot, as that section applies only before a foreclosure sale has occurred, see Mabry v. Super. Ct., 185 Cal. App. 4th 208, 235 (2010);

(3) There is no private right of action under sections 2923.52 and 2923.53 (both of which were repealed effective January 1, 2011), see Vuki v. Super. Ct., 189 Cal. App. 4th 791, 799 (2010);

(4) Plaintiff agreed in the Deed of Trust that Defendant Mortgage Electronic Registration Systems ("MERS") could exercise all interests of the Lender, including assigning the Deed of Trust, cf. Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1157 (2011) (rejecting challenge to authority of MERS to foreclose on property based on agreement in Deed of Trust that MERS could do so);

(5) Plaintiff may not engraft judicial requirements on California's comprehensive non-judicial foreclosure scheme by arguing that the signor of the Deed of Trust assignment and Substitution of Trustee cannot be the same person, see id. at 1154–55; and

(6) Because Plaintiff's substantive claims fail, so does his claim pursuant to California Business and Professions Code section 17200.

///

[PROPOSED] JUDGMENT OF DISMISSAL OF PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH PREJUDICE

Defendants previously moved to dismiss Plaintiff's original complaint on grounds nearly identical to those raised in the pending motion. Plaintiff filed his amended complaint in response to that motion, but failed to remedy the identified defects. Thus, dismissal of the complaint with prejudice is warranted. See <u>City of Los Angeles v. San Pedro Boat Works</u>, 635 F.3d 440, 454 (9th Cir. 2011) ("'[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'").

Accordingly, Defendants Motion to Dismiss is **GRANTED** and the First Amended Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: 6/16/11

*/s/ Audrey B. Collins*
Hon. Audrey B. Collins,
Chief United States District Judge